## Youngman *versus* Walter.

1. Plaintiff sued on a note; the rules of court required only that the affidavit of defence should set out "the nature and character" of the defence; in his affidavit defendant averred, that he and plaintiff were partners and he was induced to sign the note, upon the representation that the plaintiff had received for the firm twice the amount of the note of a ward's money; defendant averred, for reasons stated in the affidavit, that he believed that amount had not been received: *Held*, that this was an averment that the note was executed on a false statement and judgment should not have been entered against defendant for the full amount of the note.

January 28th 1873.    Before READ, C. J., AGNEW, WILLIAMS, and MERCUR, JJ.    SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Union county:* No. 186, to January Term 1872.

This was an action brought September 13th 1870, by Jesse M. Walter, guardian, &c., of Sarah J. Walter, and now for her use, against John Youngman.

The following is the instrument on which the suit was brought:—

"$865.66.

"Winfield, June 29th 1863.    One day after date I promise to pay Jesse M. Walter, guardian of Rosanna, Margaret and Sarah Jane Walter, the sum of eight hundred and sixty-five dollars and sixty-six cents, without defalcation, for value received, being for one-half of the sum Jesse M. Walter, guardian as aforesaid, received as committee of Abraham C. Eyer, who was committee of Abraham Eyer, Sr., deceased, the whole sum going to the use of Youngman and Walter, myself and Jesse M. Walter constituting said firm.    Witness my hand and seal this twenty-ninth day of June, in the year of our Lord one thousand eight hundred and sixty-three, with interest on the above from the 6th of June 1861.

[Signed]          "JOHN YOUNGMAN."   [L.S.]

By endorsement on the note J. M. Walter assigned it to Sarah J. Walter, on the 6th of August 1870.

A declaration in debt in the common form was filed.    The defendant, November 1st 1870, filed an affidavit of defence as follows:—

"John Youngman, the defendant, under oath deposes and says that he has a defence to the whole of the plaintiff's claim, which is as follows, to wit,—That Jesse M. Walter at the time the note was given was and still is a partner of the defendant; that plaintiff, as said partner, stated to defendant that the former had received the amount of the moneys specified in the note upon which suit was brought; that your affiant thinks the firm did not receive the amount specified in said note, as the note sued in No. 82, September Term 1870, of this court, which was for moneys due to the same parties, added to this note amounts to more than one-

[Youngman *v.* Walter.]

half the wards mentioned in the note were entitled to receive; that their whole share was $2540.76; the said firm having received $1427, for which the note in No. 82, September Term 1870, was given for one-half, or $713.50, thus leaving the one-half amount received by said firm for which this note was given $556.88; that your petitioner never did owe as an individual one dollar of the amount named in said note; that said moneys were all owing by the said firm of Youngman & Walter; that two-thirds of said note have been paid in cash by said firm to the plaintiff, Jesse M. Walter; that the affiant is informed and believes that the business of the firm of Youngman & Walter cannot be settled in this suit, as the partnership still exists, and that your petitioner believes upon a settlement of the accounts of said firm that the plaintiff will owe the affiant more than the amount of said note; that the affiant expects to prove all the facts herein set forth in the trial of the cause.          JOHN YOUNGMAN."

It appeared by the docket entries that on the 19th of December 1870, the attorneys for the plaintiff obtained a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence. On the 25th of February 1871, a supplemental affidavit of defence was filed, and on the 1st of December 1871, the rule was made absolute and judgment was entered for the plaintiff for $1400.50. On the 23d of the same month a writ of error was filed.

Afterwards, on the 16th of January 1872, Judge Woods, who was president of the court when the rule was taken, made a certificate not filed amongst the records of the court below, but appearing in the paper-book of the plaintiff in error, and referred to in the opinion of the Supreme Court. In this certificate the judge stated that in deciding on the rule for judgment he had before him only the original affidavit of defence, and that if the supplemental affidavit was in his hands it had been mislaid and that he could not find it.

On the 23d of December 1872, the defendant made another affidavit, which, with the certificate of his counsel Hon. J. C. Bucher, now president of the court below, is as follows:—

" John Youngman, being duly sworn according to law, doth depose and say that the substance of the supplemental affidavit of defence drawn up by the Hon. Joseph C. Bucher, attorney for defendant, and sworn to by deponent, and filed and handed to Hon. Samuel S. Woods before he made his decision, which has been mislaid or lost by the said Hon. Samuel S. Woods, and which he states he never acted on, was in substance as follows:—

" That the note in suit was given for more than was due. That two-thirds of the amount of the note in suit was paid to the plaintiff, Jesse M. Walter, by the defendant, in cash, before the bringing

[Youngman *v.* Walter.]

of this suit and prior to the transfer of the same to Sarah Jane Walter, the present equitable plaintiff,—all of which defendant expects to be able to prove on the trial of the cause.

"JOHN YOUNGMAN."

"I do certify that the foregoing affidavit of John Youngman, plaintiff in error and defendant below, contains the substance of the supplemental affidavit of defence which I, as attorney of said Youngman, filed on the 25th of February 1871, before the argument of the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, and handed to Judge Woods before he made his decision, which supplemental affidavit of defence, according to statement of Judge Woods, was mislaid or lost and was not before him when he made his decision.

JOS. C. BUCHER."

The rules of the Court of Common Pleas of Union county require that the affidavit of defence shall set forth " the nature and character of the same."

The error assigned was—that the court below erred in entering judgment for want of a sufficient affidavit of defence.

*G. F. Miller*, for plaintiff in error.—All that is required in an affidavit of defence is that it should exhibit a primâ facie defence : Leibersperger *v.* The Savings Bank, 6 Casey 531 ; Eyre *v.* Yohe, 17 P. F. Smith 477.

*J. M. Linn*, for defendant in error.—An affidavit of defence must exclude the possibility of evasion: Comly *v.* Bryan, 5 Wharton 261.

The opinion of the court was delivered, February 24th 1873, by

MERCUR, J.—The alleged error is, that the court entered judgment for want of a sufficient affidavit of defence. The plaintiff claimed upon a note executed by John Youngman, under seal, payable to Jesse M. Walter, guardian of Rosanna, Margaret and Sarah Jane Walter, for $865.66, being for one-half the sum which said Jesse, as guardian, had received for himself and said Youngman. The obligation was assigned to said Sarah Jane before suit was brought. The original affidavit of defence filed was not drawn with great clearness and precision. Rejecting much irrelevant matter therein contained, we understand the defendant to aver that he and the plaintiff were at the time of the execution of the note, and still are, copartners. That he was induced to sign the note under the representation of the plaintiff that he had received twice that amount of his ward's money for the use of their said firm ; but now he gives some reasons why he does not believe the firm received the sum alleged. Thus substantially affirming that he was induced to

[Youngman *v.* Walter.]

execute the note under a false statement of existing facts, which might establish a partial failure of consideration. He further averred that two-thirds of said note had been paid in cash by said firm to said plaintiff. In his supplemental affidavit he distinctly avers, that the note was given for more than was due, and that two-thirds of the amount of the note had been paid to the plaintiff by the defendant in cash before the bringing of the suit, and prior to the assignment of the note to the equitable plaintiffs, all of which he expected to be able to prove upon trial. It appears by the certificate of the learned judge that he did not have the supplemental affidavit before him when he directed judgment to be entered. Considering the original affidavit insufficient he ordered judgment to be entered against the defendant for the full amount of the plaintiff's claim. In this we think the court erred. The rules of court require the affidavit to set forth the nature and character of the defence. The defendant does aver that he has a defence to the whole of the plaintiff's claim. The nature and character thereof is an absence in part of consideration for the note and an actual payment in cash, of two-thirds of the note. While the extent of the failure of consideration is vague and indefinite, yet the averment of the amount paid upon the note in cash is sufficiently positive and specific if proved to establish a defence against two-thirds of the amount of the claim.

Judgment is reversed, and *procedendo* awarded.